UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**

MAY - 4 2010

J. T. NOBLIN, CLERK
BY_____ DEPUTY

ALEEN GRIESHABER AND JAMES GRIESHABER,
Individually and on behalf of all others similarly situated

*Plaintiffs*

VERSUS

CAUSE NO.: 1:10cv185 HSO-JMR

BP PRODUCTS NORTH AMERICA, INC.;
BP AMERICA, INC.; BP, PLC; TRANSOCEAN LTD;
TRANSCOCEAN OFFSHORE DEEPWATER
DRILLING, INC.;
TRANSOCEAN DEEPWATER, INC.;
HALLIBURTON ENERGY SERVICES, INC.;
CAMERON INTERNATIONAL CORPORATION f/k/a
COOPER CAMERON CORPORATION;
JOHN AND JANE DOES A - G; and CORPORATIONS
W; X; Y AND Z

*Defendants*

---

### CLASS ACTION COMPLAINT
### JURY TRIAL DEMANDED

NOW INTO COURT, come the plaintiffs, ALEEN GRIESHABER AND JAMES GRIESHABER (hereinafter referred to as "Plaintiffs"), individually and as representatives of a Class more precisely defined below (the "Class" and/or "Class Members"), who bring this action against the defendants identified below (the "Defendants"), who are and continue to be adversely and negatively impacted and damaged as a result of the explosion and sinking of the semi-submersible drilling vessel *Deepwater Horizon* on or about April 22, 2010, off the coast of Mississippi and Louisiana, that resulted in the release of unprecedented amounts of crude oil into the waters of the Gulf of Mexico. Plaintiffs file this Class Action Complaint against Defendants and state as follows:

### INTRODUCTION

1.      This is a class action under Rule 23 of the Federal Rules of Civil Procedure for actual compensatory damages and exemplary and/or punitive damages for the discharge of crude oil into the Gulf of Mexico which has or may cause or contribute to the injuries and damages to the

1

Plaintiffs. It is the purpose of this class action suit to address and resolve on a class basis the injuries and damages suffered by the Plaintiffs as it applies to a class of all plaintiffs along the coastal counties of Mississippi whose properties have or will be damaged by the discharge of crude oil caused or contributed to by the explosion, burning, and sinking of the Transocean *Deepwater Horizon* offshore drilling vessel.

## PARTIES

2.      Plaintiffs Aleen Grieshaber and James Grieshaber are adult residents and owners of land in Hancock County, Mississippi. The Plaintiffs, whose residence is located in Hancock County, Waveland, Mississippi and situated on the Gulf of Mexico, bring this action individually and on behalf of a Class of all property owners in Hancock, Harrison and Jackson Counties, Mississippi as defined in the "Class Definition" section below.

3.      Defendant Transocean LTD (hereafter "Transocean") is a Texas corporation doing business in the United States of America, with its corporate headquarters located at 4 Greenway Plaza, Houston, Texas 77046.  Upon information and belief, at all times relevant to this Class Action Complaint, Transocean was authorized to conduct offshore oil drilling operations using the semi-submersible drilling rig *Deepwater Horizon* in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico. Transocean may be served with process on its agent for service, Eric B. Brown, located at 4 Greenway Plaza, Houston, Texas 77046 and/or otherwise in accordance with law.

4.      Defendant BP, PLC is an international corporation doing business in the United States of America with its corporate headquarters at 1 St James's Square, London, United Kingdom. Defendant BP, PLC maintains a corporate office in the United States of America at 501 Westlake Park Boulevard, Houston, Texas. Upon information and belief, at all times relevant to this Class

2

Action Complaint, BP, PLC was authorized to conduct offshore oil drilling operations using the semi-submersible drilling rig *Deepwater Horizon* in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

5.      Defendant BP Products North America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America, whose principal office address is 4101 Winfield Road, Warrenville Illinois, 60555. Further, said defendant is registered to do business in Mississippi, and may be served with process through their registered agent, Prentice-Hall Corporation System 506 S. President St., Jackson MS 39201.   All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP Products North America, Inc.

6.      Defendant BP America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America, whose principal office address is 4101 Winfield Road, Warrenville Illinois, 60555. Further, said defendant is registered to do business in Mississippi, and may be served with process through their registered agent, CT Corporation System 645 Lakeland East Dr., Suite 101, Flowood MS 39232. All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP America, Inc.

7.      Transocean Offshore Deepwater Drilling, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Offshore Deepwater Drilling, Inc. may be served with process through their registered agent, The Corporation Trust Center 1209 Orange St., Wilmington DE 19801.

8.      Transocean Deepwater, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Deepwater, Inc. may be served with process through their registered agent, Capitol Services, Inc. 615 S. Duport Hwy., Dover DE 19901.

9.      Halliburton Energy Services, Inc. is a Delaware corporation doing business in the United States of America and licensed to do business in the State of Mississippi. Halliburton Energy

Services, Inc. may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

10.     Cameron International Corporation f/k/a Cooper Cameron Corporation is a Delaware corporation doing business in the United States of America. Cameron International Corporation may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

11.     Defendants John and Jane Does A; B; C; D; E; F and G are persons or entities whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identities are discovered.

12.     Defendants Corporations W; X; Y and Z are corporations or companies whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identities are discovered.

## CLASS DEFINITION

13.     The Plaintiffs bring this action on their own behalf and as Class Representatives on behalf of the Classes of others similarly situated in accordance with Rule 23 of the Federal Rules

of Civil Procedure. The Classes upon whose behalf this suit is brought are defined as follows:

THE CLASS:

      (A)
          All Mississippi Gulf Coast Residents" is defined as any as any person(s), entity(ies), company(ies), corporation(s), and/or limited liability company(ies) who reside, own or lease land or property that was damaged or whose use and/or enjoyment of that property was damaged or diminished due to the oil spill complained of herein.

      (B)
          And/or all such other Classes or Sub-Classes as the Court deems appropriate in the circumstances

Certification of the Class, as described above is sought in this case for the purpose of the relief sough herein.

## JURISDICION & VENUE

14.     Jurisdiction is proper in this Court with regard to this class under (1) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs; and under 28 U.S.C. § 1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interests and costs.  Venue is proper in this Court under 28 U.S.C. §1391, the general venue statute, including subsections (a) and (c) thereof. Further, jurisdiction and venue is proper in this Court under 33 USC §2717 (b).

## FACTS COMMON TO THE CLASS

15.     Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively hereafter "Transocean") are the owners and/or operators of the *Deepwater Horizon* semi-submersible oil drilling rig.

16.     BP is the holder of a lease granted by the Minerals Management Service which allows BP

to drill for oil and perform oil production and related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

17.    Upon information and belief, Cameron International manufactured and/or supplied the *Deepwater Horizon's* blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. Upon information and belief, the "BOP's" were defective as they failed to operate as intended. To this extent, Cameron is liable to the Plaintiffs and the Classes for supplying this defective product in addition to being liable for its negligence, gross negligence, and/or willful, wanton, and reckless conduct.

18.    Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, may have improperly and negligently performed these duties, increasing the pressures at the well and causing and/or contributing to cause the fire, explosion, and resulting oil spill.

19.    On or about April 20, 2010, Transocean was operating the semi-submersible oil drilling rig *Deepwater Horizon* in the in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

20.    On or about April 20, 2010, the *Deepwater Horizon* caught fire and exploded. As a result of the fire and explosion, the crew of the *Deepwater Horizon* abandoned the vessel. Of the 126 member crew, 11 of the crew are unaccounted for, and 17 members of the crew were injured.

21.    On or about April 22, 2010, the *Deepwater Horizon* sank.

22.    As a result of the fire, explosion, and sinking of the *Deepwater Horizon*, the oil well drilled by the *Deepwater Horizon* began to leak crude oil into the Gulf of Mexico at a rate of at least 5,000 barrels (210,000 gallons) per day. As of the time of the filing of the Class Action Complaint, a massive effort has been launched by the United State Government, and the Defendants, to try to contain the large amount of crude oil that continues to discharge into the Gulf.  As of the time of the filing of this Class Action Complaint, the oil well continues to discharge crude oil in to the Gulf of Mexico. The resulting discharge has created a 600-mile

circumference rainbow sheen with areas of emulsified crude quickly approaching the shorelines of Louisiana and Mississippi. This 600-mile oil slick has or will cause the natural resources of the Gulf of Mexico and its fishery to be injured, destroyed, or lost, as well as the injury, destruction, and/or loss of personal and real property.

23.    The massive oil slick created by the continuing discharge of crude oil into the Gulf of Mexico has and will cause injuries and damages to the Class to the extent that their use, enjoyment and value of their property will be damaged.

24.    The injuries and damages suffered by the Plaintiffs and the Classes were cause by Defendants', and each of them, violation of the numerous statutes and regulations, including but not limited to statutes and regulations issued by OSHA and the United States Coast Guard, including requirements to test the sub-sea BOP' s at regular interval.

25.    As a direct result of the explosion, the well being drilled by the DEEPWATER HORIZON has threatened to inundate plaintiff's acreage with oil and petroleum substances, causing damage to plants, trees, wild life and to sand and soil.  There are many other effects from the oil spill that have not yet become known, and Plaintiffs specifically reserve the right to amend this Complaint when additional information becomes available.

## CLASS ALLEGATIONS

26.    Plaintiffs bring this Class Action pursuant to Federal Rules of Civil Procedure 23(a) on their own behalf and on behalf of the Class described below:

a)    Plaintiffs are members of the Classed they seek to represent;

b)    The Classes consist of at least hundreds of individuals and are therefore so numerous that joinder of all members is impracticable;

c)      The questions of law or fact are common to the Classes;

d)      The claims of the Plaintiffs are typical of the Classes    because
        they are all members of the Classes. Plaintiffs and all members of
        the Classes   have or will sustain damages as a result of the
        negligence, gross negligence, misconduct, and strict liability of the
        Defendants; and

e)      The Plaintiffs will fairly and adequately protect the interests of the
        Classes.

28.    Plaintiffs further bring this Class Action pursuant to Federal Rules of Civil Procedure

Rule 23(b)(1) and 23(b)(3) because prosecuting separate actions by individual class members

would create a risk of inconsistent or varying adjudications with respect to individual class

members that would establish incompatible standards of conduct for the Defendants;

adjudications with respect to individual class members that, as a practical matter, would be

dispositive of the interest of the other member not parties to the individual adjudications and

would substantially impair their ability to protect their interests; and the questions of law or fact

common to the Members of the Classes predominate over any questions affecting only individual

Members, and that a class action is superior to other available methods for the fair and efficient

adjudication of the controversy.

29.    Plaintiffs have retained competent and experienced counsel in matters such as these.

Counsel is committed to vigorous prosecution of this action.

30.    The expense and burden of litigation would substantially impair the ability of many

members of the Class to pursue individual cases to protect their rights.

## CAUSES OF ACTION

### NEGLIGENCE, GROSS NEGLIGENCE, WILLFULLY, WANTON AND CARELESS DISREGARD FOR THE PLAINTIFFS

31.    Plaintiffs reassert and re-allege the allegations of paragraphs 1 through 21 above as if set

forth herein in full words and figures.

8

32.    The Defendants, and each of them, were negligent, grossly negligent, and/or acted with

willful, wanton, and careless disregard for the rights of the Plaintiffs and the Class with regard to

the operation of the *Deepwater Horizon* on or about April 20, 2010, and continuing to present.

33.    Defendants, and each of them, are liable to the Plaintiffs for:

    a.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to adequately and thoroughly operate the offshore drilling rig *Deepwater Horizon* allowing for the discharge of crude oil into the waters of the Gulf of Mexico;

    b.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to provide adequate safeguard(s), including but not limited to the installation of a remote control acoustic switch, to prevent the discharge of crude oil in to the waters of the Gulf of Mexico;

    c.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to comply with Federal and/or State Law;

    d.    Negligence *per se* for acting in contravention of established Federal and/or State Law;

    e.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to properly inspect the *Deepwater Horizon* to assure that its equipment and personnel were fit for their intended purpose;

    f.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the *Deepwater Horizon* which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

    g.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for operating the *Deepwater Horizon* with untrained and unlicensed personnel;

    h.    Negligently, grossly negligent, and/or willful, wanton, and careless disregard for inadequate and negligent training and hiring of personnel;

    i.    Negligently, grossly negligent, and/or willful, wanton, and careless

disregard for implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

j.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for employing untrained or poorly trained employees and failing to properly train their employees;

k.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to ascertain that the *Deepwater Horizon* and its equipment were free from defects and/or in proper working order;

l.       Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely warn;

m.     Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely bring the oil release under control;

n.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to provide appropriate accident prevent equipment;

o.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to observe and read gauges that would have indicated excessive pressures in the well;

p.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to react to danger signs;

q.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for providing BOP's that did not work properly;

r.       Negligently, grossly negligent, and/or willful, wanton, and careless disregard for conducting well and well cap cementing operations improperly;

s.      Negligently, grossly negligent, and/or willful, wanton, and careless disregard for acting in a manner that justifies imposition of punitive damages; and

t,.     Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the Federal law and/or State Laws applicable on the outer Continental Shelf.

34.     As a direct and proximate result of the acts or omissions set forth in the preceding

paragraphs, the Plaintiffs and the Class have suffered or will suffer injuries and damages caused

and/or contributed to be caused as a result of the negligence, gross negligence, and careless

disregard for the rights of the Plaintiffs and the Class.

## STRICT LIABILITY

35.     Plaintiffs reassert and re-allege the allegations of paragraphs 1 through 21 above as if set forth herein in full words and figures.

36.     The Defendants, and each of them, are the responsible parties for the discharge of crude oil from the facility of the *Deepwater Horizon*; and for the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines pursuant to the provision of the Oil Pollution Act of 1990, 33 USC § 2701 et seq.

37.     The Oil Pollution Act imposes liability upon a "responsible party for a... facility from which oil is discharged...into or upon navigable waters or adjoining shorelines" for the "damages that result from such incident." 33 U.S.C. § 2702.

38.     Section 2702(b)(2)(C) provides for the recovery of "[d]amages for subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources."

39.     The Coast Guard has named BP as the responsible party. Therefore, BP is liable pursuant to Section 2702 for all the damages that result from the oil spill.

40.     s a result of the oil spill, Plaintiffs and the Class Members have not been able to use natural resources (air and water, and potentially wetlands and other areas and spaces that have and/or may become contaminated by the spilled oil) for their subsistence, and they are entitled to recover from BP for such damages in amounts to be determined by the trier of fact.

41.     Section 2702(b)(2)(E) provides for the recovery of "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal

11

property, or natural resources, which shall be recoverable by any claimant."

42.     As a result of the oil spill, Plaintiffs and the Class Members have suffered the type of damages that may be recovered pursuant to Section 2702(b)(2)(E), and they demand compensation therefor from BP in amounts to be determined by the trier of fact.

43.     As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, the Plaintiffs and Classes have suffered or will suffer damages for injury to, or economic losses resulting from destruction of, real or personal property; damages for loss of use of the natural fishery resources, which have been injured, destroyed or lost.


## DAMAGES

44.     Plaintiffs incorporate all preceding paragraphs as set forth herein in full words and figures.

45.     The acts and/or omissions of the Defendants as set forth in the preceding paragraphs constitutes negligence and/or gross negligence, negligence *per se,* willful, wanton, and careless disregard for the right of the Plaintiffs and Classes, and other causes of action set forth therein, rendering the Defendants, and each of them, liable to Plaintiffs and Classes for actual, compensatory and punitive damages.

46.     As a direct and proximate result of the conduct, actions, inactions, and behavior of the Defendants, and each of them, as more fully set forth in the preceding paragraphs, Plaintiffs and Classes have suffered or will suffer and are entitled to receive from these Defendants significant damages, including but not limited to damages to real and/or personal property; costs of clean-up and remediation; economic losses resulting from destruction of, real or personal property; damages for the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural fishery resources; compensatory

12

damages; actual damages; costs and expenses; and other incidental damages, all to the general damages of Plaintiffs and Classes, said damages being in an amount to be determined at a trial of this cause. Plaintiffs and Classes also

seek pre judgment and post judgment interest in an amount not less than 10% per year, and/or an amount provided by law.

47.    Moreover, Defendants, and each of them, willfully, wantonly, and/or with careless disregarding for the Plaintiffs and the Classes treated Plaintiffs and Classes with such gross and reckless negligence, or in such a reckless disregard for its rights as is equivalent to such a wrong, thereby entitling Plaintiffs and Classes to punitive damages in a sum to be determined at a trial of this cause, but which is sufficient to punish Defendants, and each of them, and to deter these Defendants, and each of them, and others similarly situated from engaging in similar conduct in the future.

48.    In addition to asserting that Defendants are liable for part or all of the claims asserted by the Plaintiffs and Classes in the underlying litigation, Plaintiffs and Classes are asserting claims for actual, compensatory and punitive damages against Defendants, and each of them.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Individually, and on Behalf of All Other Similarly Situated asks this Court to enter a order certifying the Classes for the purpose of moving forward with any one or all of the causes of action alleged herein; enter an Order appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Classes; and enter Judgment finding that the Defendants, and each of them, liable to the Plaintiffs and Classes jointly and severally, for actual, compensatory and punitive damages, including but not limited to attorneys' fees and other incidental costs and expenses, in an amount to be determined at a trial of this cause, together with prejudgment and post judgment interest as

provided by law in an amount not less than 10% per year, attorneys' fees and cost of this action,

and any and all additional relief in favor of Plaintiffs and Classes deemed appropriate by this

Honorable Court.

Respectfully submitted this the _4_ day of May, 2010.

ALEEN GRIESHABER, ET. AL.,
PLAINTIFFS LISTED ABOVE

Alice W. Coleman
Attorneys for Aleen Grieshaber and James Grieshaber,
both individually and on behalf of all others similarly
situated.

Of Counsel:

**BRENT COON & ASSOCIATES**
ALICE W. COLEMAN MSB# 10785
6360 I-55 North, SUITE 340
JACKSON, MS  39211
(601) 957-6177 *(601) 957-6507 – FAX
alice@bcoonlaw.com


AND

**DODSON HOOKS & FREDERICK (APLC)**
Richard J. Dodson (La. Bar #4982)
Kenneth H. Hooks, III (La. Bar #25097) T.A.
H. Price Mounger, III (La. Bar #19077)
445 North Blvd., Suite 850
Baton Rouge, LA 70802
Tel: (225)756-0222
Fax: (225) 756-0025
Jerry@dodsonhooks.com
Kenny@dodsonhooks.com
Price@dodsonhooks.com